# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROSALIE SHEEHAN-VEAL,
on behalf of herself and
on behalf of all others
similarly-situated,

    Plaintiff,

v.                    CASE NO.:

BETTER MORTGAGE
CORPORATION d/b/a
BETTER.COM,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
## (JURY TRIAL DEMANDED)

Plaintiff, Rosalie Sheehan-Veal, on behalf of herself and on behalf of all others similarly situated, files this Class Action Complaint against Defendant, Better Mortgage Corporation ("Defendant" or "Better.com"). In sum, Defendant failed to pay Plaintiff all wages owed to her the Fair Labor Standards Act ("FLSA") for overtime. In further support thereof, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this as collective action to recover the unpaid overtime wages owed to her and all other similarly situated employees, current and former, of Defendant who worked in Florida, at any time during the three-year period before this Complaint was filed up to the present ("Florida FLSA Overtime Class

Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

2. As a consequence, the Plaintiff and the other Class members are entitled under the FLSA to recover from the Defendant their respective overtime wages and liquidated damages. Specifically, the classes Plaintiff seeks to certify are defined as:

> **Florida FLSA Overtime Class**:
> All Better.com mortgage underwriters working in or based out of Florida who, during the three years preceding the filing of the Complaint, worked in excess of forty hours in any given week while working for Defendant, but were paid on a salary basis and not paid overtime in accordance with the FLSA.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

4. Venue is proper in this district because the violation of the FLSA alleged herein occurred in this District.

## THE PARTIES AND SUPPORTING FACTS

5. At all relevant times, Defendant was a business authorized to conduct business in the State of Florida.

6. Prior to her termination, Plaintiff worked for Defendant as a Mortgage Underwriter.

## FLSA 216(b) COLLECTIVE ACTION ALLEGATIONS

7. Plaintiff asserts her claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other Florida-based similarly-situated mortgage underwriters currently and formerly employed by Defendant over the last three years.

8. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the class as follows:

**Florida FLSA Overtime Class**:

All Better.com mortgage underwriters working in or based out of Florida who, during the three years preceding the filing of the Complaint, worked in excess of forty hours in any given week while working for Defendant, but were paid on a salary basis and not paid overtime in accordance with the FLSA.

9. All potential 216(b) Class members are similarly situated because, among other things, they are or were all *de facto* employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including:

   a. Being paid by the job without regard to the number of hours worked;

   b. Being improperly classified as "salaried" employees;

   c. Failure to be paid at overtime wages for each hour worked per week in excess of forty as mandated by the FLSA.

## FLSA COVERAGE

10. In an FLSA case, the following elements must be met. "(1) [Plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce,

and (3) the defendant failed to pay [Plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

12. As part of her regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, Plaintiff worked as a mortgage underwriter within the state of Florida.

13. Defendant knowingly misclassified its mortgage underwriters, such as Plaintiff, as "salaried" employees in order to exempt them from the overtime requirements of the FLSA

14. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

15. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

16. Defendant continues to be an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

18. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year. Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

19. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

20. Plaintiff has satisfied all conditions precedent, or they have been waived.

21. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

22. Plaintiff requests a jury trial for all issues so triable.

## COUNT I – FLSA OVERTIME VIOLATIONS

23. Plaintiff brings this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).

24. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

25. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA. On average, Plaintiff worked fifty hours per week.

26. Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

27.     The Members of the Class are similarly situated because they were all employed by Defendants as mortgage underwriters, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its mortgage underwriters for all of the overtime hours that they worked.

28.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

29.     All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

A.      Designation of this action as a collective action on behalf of Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

B.      Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

C. Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

E. Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate;

F. A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

G. Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

H. Judgment against Defendants stating that their violations of the FLSA were willful;

I. To the extent liquidated damages are not awarded, an award of prejudgment interest;

J. All costs and attorney's fees incurred in prosecuting these claims; and

K. For such further relief as this Court deems just and equitable.

Dated this 31st day of January, 2022.

        Respectfully submitted,

        ***/s/Brandon J. Hill***
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Avenue, Suite 300
        Tampa, FL 33602
        Main No.: 813-224-0431
        Direct No.: 813-379-2565
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: bhill@wfclaw.com
        Email: gnichols@wfclaw.com