UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSALIE SHEEHAN-VEAL,
on behalf of herself and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                      Case No.: 8:22-cv-255-SCB-MRM

BETTER MORTGAGE
CORPORATION d/b/a
BETTER.COM,

    Defendant.
_____/

# O R D E R

Before the Court is the parties' Joint Motion for Approval of Settlement. (Doc. 20). The Motion is granted for the reasons stated below.

## I. Background

Plaintiff Rosalie Sheehan-Veal filed this action against her former employer Better Mortgage Corporation d/b/a Better.com ("Better") on January 31, 2022, alleging that Better misclassified her and a collective of Florida-based mortgage underwriters as exempt from overtime pay requirements under the Fair Labor Standards Act ("FLSA"). (Doc. 1). The Court issued its FLSA Scheduling Order on February 1, 2022, following which Plaintiff filed her responses to the Court's FLSA Interrogatories. (Docs. 5, 7).

Thereafter, the parties moved the Court to stay this action pending mediation. (Doc. 9). The Court granted that motion on April 18, 2022, staying this case until August 2022. (Doc. 10).

Plaintiff's counsel subsequently was informed that a nationwide collective action for unpaid overtime wages had been previously filed against Better in California. In particular, another former Better mortgage underwriter filed a still-pending putative class and collection action against Better in the United States District Court, Central District of California, on or about September 18, 2020. He alleged that Better misclassified all mortgage underwriters as exempt from overtime pay requirements under the FLSA and he sought to represent a collective of all mortgage underwriters employed by Better in the United States since September 18, 2017, which would include Plaintiff.

Soon thereafter, the parties sought and received several stays while they attempted to resolve their differences through mediation in connection with the California case. (Docs. 12-17). Plaintiff filed a notice of settlement on February 7, 2023, and the parties now seek approval of the settlement. (Docs. 18, 20).

## II. Analysis

Plaintiff alleges that Better violated the overtime provisions of the FLSA. (Doc. 1). Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d

1350, 1353 (11th Cir. 1982) (providing that before a court can approve a settlement of FLSA claims and dismiss a case, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions"). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id*. at 1354.

The parties have reached a settlement wherein it is agreed that Plaintiff will receive a total of $14,000, which represents $7,000 in back wages and $7,000 in liquidated damages. This gross amount of $14,000 represents close to the original amount of overtime damages Plaintiff originally sought in responses to the Court's FLSA Interrogatories. (*See* Doc. 7). The parties have also agreed that Better will pay Plaintiff's counsel $10,000 in fees and costs. (Doc. 20, p. 3).

The parties represent that the attorneys' fees to be paid to Plaintiff's counsel were negotiated separately and did not compromise the amount to be paid to Plaintiff. (*Id*., pp. 5, 9). Additionally, the parties explain that issues in this case are still in dispute and the settlement reached reflects a reasonable compromise of the disputed issues. (*Id.*, pp. 4-9).

Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to fairly settle this case. The

settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

(1) The Joint Motion for Approval of Settlement (Doc. 20) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE**. The Court does not retain jurisdiction to enforce the settlement agreement or enter judgment.

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of March 2023.

SUSAN C. BUCKLEW
United States District Judge